IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID APODACA, )
)
Movant, )
)
vs. )    Cr. No. 06-CR-1828 WJ
)    Cv. No. 08-CV-1025WJ-KBM
UNITED STATES OF AMERICA, )
)
Respondent. )

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND 18 U.S.C. § 3582(c)(2)

Movant David Apodaca, through undersigned counsel, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. On January 4, 2008, this Court sentenced Mr. Apodaca as a career offender using the residual clause of U.S.S.G. § 4B1.2(a)(2). See PSR ¶ 188, S.Tr. 10.[1] Under the Supreme Court's recent decision in *Johnson v. United* States, 135 S. Ct. 2551 (June 26, 2015), Mr. Apodaca does not qualify as a career offender and his career offender sentence violates due process of law.

---

[1] "Doc." refers to the District Court Clerk's Record and is followed by the docket control number; "PSR" refers to the presentence report. "S.Tr." followed by a page number refers to the sentencing transcript from the sentencing hearing held on January 3, 2008. Att. followed by a letter refers to documents attached to this pleading.

Mr. Apodaca respectfully requests that this Court grant this motion, vacate his current sentence, and re-sentence him without the career offender enhancement. Additionally, after finding that the career offender enhancement does not apply, this Court should consider his pleadings filed pursuant to 18 U.S.C. § 3582(c)(2) where he explains that the amended Sentencing Guidelines (post Amendment 782) lower the adjusted offense level, and thus that level would be 31, resulting in an initial sentencing range of 188 to 235 months, prior to any departure or variance.

The United States, by and through Assistant United States Attorney William Pflugrath, has indicated that it opposes the relief requested.

**Statement of facts**

Mr. Apodaca pleaded guilty after negotiating a plea agreement with the government. Docs. 253, 254. In that agreement the parties stipulated to an imprisonment term of 240 months. That term stemmed directly from the guideline imprisonment range the parties agreed applied to the case. If the Court accepted the prison term, it would be bound by Fed.R.Crim.P 11(c)(1)(C) to impose it.

Before the sentencing hearing, the parties and the Court reviewed the presentence report. Because the offenses to which Mr. Apodaca pleaded guilty involved between 1.5 and 5 kilograms of methamphetamine, the probation office

2

said the base offense level was 34.  PSR ¶ 150.  It added two levels because three firearms were found where Mr. Apodaca lived.  Id. ¶ 151 (citing U.S.S.G. § 2D1.1(b)(1), possession of a dangerous weapon).  It also argued that the offense level should be increased again by two levels because Mr. Apodaca managed or directed Lori Romero.  Id. ¶ 154 (citing U.S.S.G. § 3B1.1(c) Aggravating Role).  It calculated the adjusted offense level to be 38.

The probation office also noted that Mr. Apodaca was a career offender.  PSR ¶ 157.  It alleged that his prior convictions for residential burglary and conspiracy to commit escape from jail made him eligible for the sentencing enhancements in U.S.S.G. § 4B1.1.  *Id*.  The probation office did not explain how these particular offenses fell within § 4B1.2's 'crime of violence' definition.  Still, it said that the career offender guidelines were meaningless here since level 38, the adjusted offense level, was higher than the applicable career offender offense level of 37.  Id. ¶ 157.  From level 38, the probation office subtracted three levels because it believed that Mr. Apodaca had accepted responsibility for his misconduct.  Id. ¶ 158 (citing U.S.S.G. § 3E1.1, Acceptance of Responsibility).  Since his criminal history score put him in Category VI, the probation office wrote that at level 35, the Court could imprison him for 292 to 365 months.  Id. ¶ 231.

3

Still, the probation office recommended a 240 month term of imprisonment. It reasoned that Mr. Apodaca's lengthy criminal history justified this sentence. It emphasized that he had eight felony convictions and 17 misdemeanor convictions. The office resolved that this prison term would "adequately address the sentencing goals of punishment, deterrence and protection of the public." Neither the government or Mr. Apodaca objected to the presentence report because it was not necessary: If the Court accepted their agreement, the difference between their guideline calculations and the probation office's was irrelevant.     At the sentencing hearing the Court reviewed the probation office's guideline calculations. S.Tr. 3. It agreed with those calculations and the office's conclusion that the imprisonment range was 292 to 365 months. While it acknowledged that the stipulated 240 month term is "a long sentence", the Court asked the parties to explain how they came to agree on that term. Id. at 4. Government counsel explained that by his calculations the adjusted offense level was 33 because he had not considered a two level increase for Mr. Apodaca's role in the offense. Id. He believed the appropriate imprisonment range was 235 to 293 months and 240 months was within that range. Id.

The Court asked government counsel whether the recommended sentence would create a disparity with Mr. Apodaca's co-defendants. S.Tr. 5. Counsel said

4

it would not.  The Court then decided to accept the stipulated term of imprisonment and directed that Mr. Apodaca serve 240 months in prison.  Id. at 5, 11.

This is Mr. Apodaca's second motion under 28 U.S.C. § 2255.  After he was sentenced by this Court, Mr. Apodaca filed a motion to set aside the sentence.  He argued his attorney was ineffective and the prosecutor had made certain promises that were later broken.  Doc. 411.  Apparently this Court adopted the magistrate judge's recommendation to dismiss Mr. Apodaca's motion.  *See* Doc. 479 (here Mr. Apodaca relies on the Tenth Circuit's order denying a certificate of appealability in which it describes the procedural history: the magistrate's recommendations and this Court's order adopting them appear to be under seal).  Mr. Apodaca appealed the Court's decision but the Tenth Circuit refused to give him a certificate of appealability.  Doc. 466, 479.   The Court then dismissed his appeal.  Doc. 479.

Recently, Mr. Apodaca requested the Tenth Circuit authorize the filing of a successive § 2255 motion.  Tenth Circuit Docket No. 16-2100.  On May 24, 2016, the Court gave him  permission to file this motion with the Court.  Att. A.  It also appointed the Federal Public Defender to represent him.  Mr. Apodaca's current release date is October 5, 2024.

## BASIS FOR SECTION 2255 RELIEF

**A.     Introduction.**

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess
> of the maximum authorized by law, or is otherwise
> subject to collateral attack, may move the court which
> imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255(a).  Such a motion may be filed within one year of "the

date on which the right asserted was initially recognized by the Supreme Court, if

that right has been newly recognized by the Supreme Court and made retroactively

applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Mr. Apodaca's

motion is timely filed within one year of the decision in *Johnson*.

On June 26, 2015, the Supreme Court declared the residual clause of the

Armed Career Criminal Act (ACCA) – "or otherwise involves conduct that

presents a serious potential risk of physical injury to another," 18 U.S.C. §

924(e)(2)(B)(ii) – to be "unconstitutionally vague" because the "indeterminacy of

the wide-ranging inquiry required by the residual clause both denies fair notice to

defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* The Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011). 135 S. Ct. at 2562-63.

In *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015), the Tenth Circuit held that the comparable residual clause of the career offender guideline was unconstitutionally vague following *Johnson*. *Id.* at 1210-11. It stated:

> *Johnson* is unambiguous. The vagueness doctrine exists not only to provide notice to individuals, but also to prevent judges from imposing arbitrary or systematically inconsistent sentences. The Supreme Court made this clear when it struck down the ACCA residual clause because of the "unavoidable uncertainty and arbitrariness of adjudication" that it created. *Id.* at 2562. Moreover, the Court noted that its own "repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy." *Id.*

> The concerns about judicial inconsistency that motivated the Court in *Johnson* lead us to conclude that the residual clause of the Guidelines is also unconstitutionally vague. If one iteration of the clause is unconstitutionally vague, so too is the other.

805 F.3d at 1210 (citation omitted).

7

**B.** *Johnson* **applies retroactively to Guidelines cases on collateral review.**

Under the retroactivity principles of *Teague v. Lane*, 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). The Supreme Court held that *Johnson* applies retroactively as a new substantive rule in *Welch v. United States*, 136 S.Ct. 1257 (April 18, 2016). "By striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" *Id.* at 1265 (citation omitted). "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id.*

First, "[i]t is undisputed that *Johnson* announced a new rule." *Id.* at 1265. Second, the Court stated it was a "substantive rule that has retroactive effect in cases on collateral review." *Id.* at 1268. The Court explained that "whether a new rule is substantive or procedural" is determined "by considering the function of the rule, not its underlying constitutional source." *Id.* at 1265. In other words, "[i]t depends ... on whether the new rule *itself* has a procedural function or a substantive function—that is, whether it alters only the procedures used to obtain

8

the conviction, or alters instead the range of conduct or class of persons that the

law punishes." *Id.* at 1266 (emphasis added). Applying this test, the Court

explained that "[b]y striking down the residual clause as void for vagueness,

*Johnson* changed the substantive reach of the Armed Career Criminal Act, altering

'the range of conduct or the class of persons that the [Act] punishes.'" *Id.* at 1265.

> The residual clause is invalid under *Johnson*, so it can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that "even the use of impeccable factfinding procedures could not legitimate" a sentence based on that clause. It follows that *Johnson* is a substantive decision.

*Id.* (citation omitted). It added that:

> By the same logic, *Johnson* is not a procedural decision. *Johnson* had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under the Armed Career Criminal Act. It did not, for example, "allocate decisionmaking authority" between judge and jury, or regulate the evidence that the court could consider in making its decision. ... *Johnson* affected the reach of the underlying statute rather than the judicial procedures by which the statute is applied.

*Id.* (internal citations omitted).

The Court did not say anything to limit its holding or reasoning solely to

ACCA cases. Indeed, *Welch* makes clear that the relevant category is the "rule"

itself, and not the kind of case in which it is invoked. The Court framed the

question as whether the "new *rule* falls within one of the two *categories* that have

retroactive effect under *Teague*," and defined those categories as "decisions" that

are "substantive rules" or "watershed rules of criminal procedure." *Id.* at 1264-65

(internal citations and quotation marks omitted) (emphases added). Accordingly,

the substantive rule announced in *Johnson* is retroactive to all cases in which it

applies. As the Tenth Circuit has already held, *Johnson* applies to the Guidelines.

*Madrid*, *supra*. Supporting this conclusion is the fact that the Supreme Court

granted *certiorari* for the purpose of vacating and remanding in light of *Johnson* at

least five cases involving collateral attacks where the prisoner was sentenced

under the Guidelines. *See Jones v. United States*, 136 S.Ct. 333 (2015) (vacating

597 Fed.Appx. 1064) (11th Cir. 2015) (affirming denial of § 2255 motion);

*Denson v. United States*, 135 S.Ct. 2931 (2015) (vacating 569 Fed.Appx. 710

(11th Cir. 2014) (same); *Beckles v. United States*, 135 S.Ct. 2928 (2015) (vacating

589 Fed. Appx. 833 (11th Cir. 2014) (same); *Wynn v. United States*, 135 S.Ct.

2945 (2015) (vacating order in *Wynn v. United States*, No. 13-4167 (6th Cir. 2014)

(same); *Jones v. United States*, 135 S.Ct. 2944 (2015) (vacating order in *United

States v. Jones*, No. 142882 (3d Cir. 2015) (denying certificate of appealability to

appeal denial of § 2255 motion).

10

Additionally, prior decisions by the Supreme Court that narrowed the reach of ACCA's definition of violent felony have been held to apply retroactively to Guidelines cases on collateral review. *See, e.g., United States v. Doe*, 810 F.3d 132, 154 & n. 13 (3d Cir. 2015) (holding that *Begay v. United States*, 553 U.S. 137 (2008) applies retroactively in Guidelines cases, and noting that "[u]nder *Teague*, either a rule is retroactive or it is not"); *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) (concluding on collateral review that *Begay* and *Chambers v. United States*, 555 U.S. 122 (2009), applied to petitioner's case; his career offender was improper; and accordingly his sentence exceeded that permitted by law and was a miscarriage of justice).

In *Reina-Rodriguez v. United States*, 655 F.3d 1182 (9th Cir. 2011), the court considered a § 2255 petition filed by a defendant convicted of illegal reentry. His sentence was enhanced 16 levels because he had a prior burglary. He had appealed earlier but his sentence was affirmed. Thereafter, the court in *United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc), held that the modified categorical approach applied to determine whether a "dwelling" in a state statute met the Guidelines definition of dwelling. *Id.* at 1187. The court specifically overruled its prior decision in Reina's case. *Id.* Yet, his § 2255 motion was denied by the district court. However, when he appealed that decision, the Ninth

11

Circuit granted relief. It concluded that the rule enunciated in *Grisel* was substantive because it "considered the scope of a state criminal statute" and thus "was grounded in substantive law, not criminal procedure." *Id.* at 1189.

Similarly, in *United States v. Dean*, — F.Supp.3d —, 2016 WL 1060229 (D.Ore. 2016), the district court determined that the rule announced in *Johnson* applied retroactively to the defendant's § 2255 motion challenging the increase in his sentence based on U.S.S.G. § 2K2.1(a)(4)(A). It noted that:

> Under *Johnson*, Dean's prior state court conviction for fleeing law enforcement no longer constitutes a "crime of violence" for purposes of the Guidelines' residual clause. *Johnson* substantively changes the conduct by which federal courts may enhance the sentence of a defendant under the Guidelines. Thus, *Johnson* does not "regulate only the *manner of determining* the defendant's culpability" like a procedural rule would. *Schriro*, 542 U.S. at 353, 124 S.Ct. 2519 (emphasis in original). Despite the fact that they are only advisory, the Guidelines remain "the lodestone of sentencing." *Peugh*, 133 S.Ct. at 2084. Dean was sentenced using what the Government concedes was an unconstitutional enhancement.

*Id.* at *16.

The Tenth Circuit has recognized that foundational nature of the sentencing guidelines. In *Madrid*, the Tenth Circuit rejected the government's argument that the advisory nature of the Guidelines affected the analysis, noting that the Guidelines "are the mandatory starting point for a sentencing determination" and are subject to constitutional challenge. *Id.* at 1211 (citing *Peugh v. United States*,

133 S.Ct. 2072, 2082 (2013) (citation omitted)). "Because the Guidelines are the beginning of all sentencing determinations, and in light of the 'unavoidable uncertainty and arbitrariness of adjudication under the residual clause,' we hold that the residual clause of § 4B1.2(a)(2) is void for vagueness." *Id.* (citation and footnote omitted).

As in *Dean*, Mr. Apodaca was sentenced based on an unconstitutional enhancement. As recognized in *Dean*, *Johnson* substantively changed the conduct that could be the basis for his sentencing enhancement. It did not merely alter the procedure by which his sentence was determined. Thus, his claim that his prior conviction for conspiracy to commit escape from jail does not qualify as a crime of violence is cognizable on collateral review.

### C. Conspiracy to commit escape from jail is not a crime of violence.

The probation officer never identified Mr. Apodaca's prior convictions that it believed meet the criteria for the career offender enhancement in § 4B1.2. Regardless, he is not a career offender because he does not have two prior convictions that qualify as predicate offenses.

Obviously, Mr. Apodaca's prior conviction for "conspiracy to commit escape from jail" is not a controlled substances offense. Therefore, the probation office must have believed it to be a 'crime of violence.' But 'conspiracy to

commit escape from jail' is not one of the enumerated offenses in the first phrase of § 4B1.2 (a)(2).  *See Chambers v. United States*, 555 U.S. 122, 128 (2009) (escape does not consist of burglary, arson, or extortion, or involve the use of explosives).  Nor does the offense come within § 4B1.2(a)(1)'s 'crime of violence' definition because the elements do not include one which requires the use, attempted use or threatened use of physical force against another person.[2]  *Id*. Since the residual clause definition is all that is left, it must have been what the probation used to characterize this conviction as a 'crime of violence.'  But following the decisions in *Johnson* and *Madrid*, a prior offense is a crime of violence under § 4B1.1(a) only if it has as an element the use, attempted use or threatened use of physical force against the person of another *or* qualifies as burglary of a dwelling, arson, or extortion.   Since the Court in *Chambers* has already ruled that escape does not come within either the elements or enumerated offense clauses, it does not qualify as a crime of violence.

It does not matter that here the Court is interpreting the sentencing guidelines, specifically U.S.S.G. § 4B1.2, and not the Armed Career Criminal Act.

---

[2] The elements of this New Mexico offense are simple and non-violent.  A person commits this offense when he is in custody and then escapes.  New Mexico Uniform Jury Instruction 14-2221; N.M.S.A. § 30-22-8.

14

In *Madrid*, the Tenth Circuit acknowledged that *Johnson* required invalidation of the identical residual clause of U.S.S.G. § 4B1.2(a)(2).

An enhancement based on an unconstitutionally vague guideline is just as much a due process violation as an enhancement under the ACCA. The Court's analysis in *Johnson* implicitly makes this point. In overruling *James*, 550 U.S. 192, *Johnson* condemned the "speculative" nature of the inquiry required to apply the residual clause. *Johnson*, 135 S. Ct. at 2557-58. The Court ruled that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*. at 2557. It also said the residual clause's "hopeless indeterminacy" was demonstrated by the inability of its own cases to develop a "principled and objective standard" to use for when the clause applies. *Id*. at 2558. It concluded that the residual clause is "vague in all its applications." *Id*. at 2561; *see also id*. (rejecting the government's reliance on the "existence of some clearly risky crimes" to "save the residual clause").

If the ACCA's residual clause is "vague in all its applications" then the guidelines' clause is also. Indeed, that is the Court's ruling in *Madrid*. After *Johnson*, the ACCA cases that courts relied on to decide whether offenses fall within the guideline's residual clause are overruled, leaving courts with no body of

15

law to apply. Now, judges attempting to determine whether a particular offense qualifies as a "crime of violence" are forced to rely on "guesswork and intuition." 135 S. Ct. at 2559. The two features that make the ACCA's residual clause unconstitutionally vague apply with equal force to the guidelines' residual clause. The probation office cannot use that clause to define any of Mr. Apodaca's prior convictions as a 'crime of violence.' Therefore, he is not a career offender. Mr. Apodaca is entitled to be resentenced without the enhancement.

###    D.    This motion is timely under 28 U.S.C. § 2255(f)(3).

This motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Apodaca has filed his claim within a year of that date. As discussed above, the Supreme Court recognized a new right in *Johnson*, and announced a substantive rule that is therefore retroactive to cases on collateral review.

16

**E.      Assuming this Court finds that the Career Offender enhancement does not apply to Mr. Apodaca, then it should calculate the sentencing range pursuant to amended Guideline section 2D1.1.**

After finding that U.S.S.G. § 4B1.1 (Career Offender) does not apply, the Court should recalculate Mr. Apodaca' sentence pursuant to 18 U.S.C. § 3582(c)(2) and the amended Sentencing Guidelines (post Amendment 782). The Court should find that the adjusted offense level is 31, resulting in an initial sentencing range of 188 to 235 months. Mr. Apodaca requests that the Court consider sentencing him at the low end of this imprisonment range.

*Guideline Analysis at 2008 Sentencing Hearing:*  Prior to application of the career offender enhancement, Mr. Apodaca's initial base offense level was 38. PSR, ¶ 156. Adjusting downward for acceptance of responsibility (-3), the probation office concluded the total offense level was 35. PSR, ¶ 159. It also told the Court that the career offender guidelines were meaningless since level 38, the adjusted offense level, was higher than the applicable career offender offense level of 37. PSR, ¶ 157.

*Guideline Analysis Post-Amendment 782:*  Under the current Sentencing Guidelines (post Amendment 782), however, Mr. Apodaca's base offense level would be 34, and after an adjustment for acceptance of responsibility (-3), his

17

adjusted offense level would have been 31. See Doc. 566, 571 (Mr. Apodaca's pleadings explaining why this Court can grant his motion to reduce the prison term). In criminal history category VI, this would result in an initial imprisonment range of 188 to 235 months.

Pursuant to 18 U.S.C. § 3582(c)(2) and §1B1.10 USSG, in the case of an accused who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, upon his motion, "the court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable."

Applying the offense level reduction, and after an adjustment for acceptance of responsibility the guideline imprisonment range in this case becomes 188 to 235 months. Mr. Apodaca respectfully requests this court to reduce his sentence to at least 188 months.

## CONCLUSION

Mr. Apodaca is entitled to relief under section 2255 because, in light of *Johnson*, his sentence violates due process of law. Mr. Apodaca is also entitled to relief under 18 U.S.C. § 3582(c)(2), based upon the amended Sentencing Guidelines. This Court should vacate his erroneous career offender sentence and re-sentence him without the career offender enhancement and pursuant to the amended Sentencing Guidelines. Mr. Apodaca respectfully requests that the Court schedule a new sentencing hearing.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489

 *s/ Margaret A. Katze*
Margaret A. Katze
*Counsel for Mr. Apodaca*

# CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2016, a true and correct copy of the foregoing pleading was served on Assistant United States Attorney Bill Pflugrath by operation of the Court's CM/ECF electronic filing system. I further certify that on such date I served the foregoing by e-mail on the following non-CM/ECF Participants: Melissa Pedraza, USPO.

                                             */s/ Margaret A. Katze*
                                             Margaret A. Katze

Attachment A
(Tenth Circuit Order Permitting the Filing
of a Motion to Set Aside and Correct the Sentence)

FILED
United States Court of Appeals
Tenth Circuit

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

———————————————

**May 24, 2016**

Elisabeth A. Shumaker
Clerk of Court

In re:  DAVID APODACA,

     Movant.

No. 16-2100
(D.C. Nos. 1:08-CV-01025-WJ-KBM &
1:06-CR-01828-WJ-6)
(D. N.M.)

———————————————

### ORDER

———————————————

Before **BRISCOE**, **GORSUCH**, and **BACHARACH**, Circuit Judges.

———————————————

Movant David Apodaca, a federal prisoner proceeding through counsel, seeks an order authorizing him to file a second or successive 28 U.S.C. § 2255 motion in the district court so he may assert a claim for relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1]  *See* 28 U.S.C. §§ 2255(h), 2244(b)(3).  Because Movant has made a prima facie showing that he satisfies the relevant conditions for authorization under § 2255(h)(2), we grant authorization.

Movant received a sentence enhanced under the guideline for career offenders, which is triggered by the defendant having "two prior qualifying felony convictions of either a crime of violence or a controlled substance offense," U.S.S.G. § 4B1.1(a).  At least one of his prior convictions qualified for this purpose by virtue of the residual clause in the guideline's definition of a crime of violence, which encompasses crimes that

———————————————

[1] The Federal Public Defender for the District of New Mexico is appointed to represent David Apodaca pursuant to 18 U.S.C. § 3006A(a)(2)(B).

"involve[] conduct that presents a serious potential risk of physical injury to another," *id.* § 4B1.2(a)(2). An identical clause in the Armed Career Criminal Act was invalidated in *Johnson* on the ground that it was unconstitutionally vague.

To obtain authorization, Movant must make a prima facie showing that his claim meets the gatekeeping requirements of § 2255(h). 28 U.S.C. § 2244(b)(3)(C); *see Case v. Hatch*, 731 F.3d 1015, 1028–29 (10th Cir. 2013). A claim may be authorized under § 2255(h)(2) if it relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Johnson* announced a new rule of constitutional law that was made retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). We held in *In re Encinias*, No. 16–8038, 2016 WL 1719323, at *2 (10th Cir. Apr. 29, 2016) (per curiam), that second or successive § 2255 motions that rely on *Johnson* to challenge the career offender guideline qualify for authorization under § 2255(h)(2).

Accordingly, we grant David Apodaca authorization to file a second or successive § 2255 motion in district court to raise a claim based on *Johnson v. United States*.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk