IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID APODACA,

    Plaintiff-Petitioner,

v.

No. CV 16-572 WJ/CG
No. CR 06-1828 WJ

UNITED STATES OF AMERICA,

    Defendant-Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner David Apodaca's *Motion to Correct Sentence Under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2)* (the "Motion"), (CV Doc. 1), filed June 14, 2016; Respondent United States of America's *Response to Defendant's Motion to Correct Sentence Under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2)* (the "Response"), filed November 17, 2016; Petitioner's *Reply to the Government's Response to His Motion to Correct the Sentence Pursuant to 28 U.S.C. § 2255* (the "Reply"), filed December 28, 2016; Petitioner's *Brief in Support of His Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 after* Beckles v. United States (the "Supplemental Brief"), (CV Doc. 18), filed May 5, 2017; Respondent's *Response to Defendant's Motion to Correct Sentence under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2)* (the "Supplemental Response"), (CV Doc. 21), filed June 5, 2017; and Petitioner's *Reply to the Government's Response to His Brief in Support of the Motion to Correct the Sentence Pursuant to 28 U.S.C. § 2255 after* Beckles v. United States (the "Supplemental Reply"), (CV Doc. 22), filed June 23, 2017.[1] United States District Judge William P. Johnson referred this case to Magistrate Judge Carmen E. Garza to

---

[1] Documents referenced as "CV Doc.___" are from case number CV 16-572 WJ/CG. Documents referenced as "CR Doc.___" are from case number CR 06-1828 WJ.

perform legal analysis and recommend an ultimate disposition. (CV Doc. 4). Having considered the parties' filings and the relevant law, the Court **RECOMMENDS** that Petitioner's Motion be **DENIED** and this case be **DISMISSED WITH PREJUDICE**.

I.    Background

On September 7, 2007, Petitioner pled guilty to conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 and to possession with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (CR Doc. 253 at 2). Petitioner and Respondent agreed that a 240 month sentence was appropriate and should be the sentence imposed. *Id.* at 3. The parties based this determination on their calculation of Petitioner's advisory United States Sentencing Guideline ("U.S.S.G." or "Guidelines") range. *Id.* at 4-5. Notably, the plea agreement does not mention whether or not Petitioner was considered a "career offender" under the Guidelines. However, at Petitioner's sentencing hearing, the sentencing judge noted he agreed with Petitioner's presentence report that Petitioner qualified as a career offender. (CR Doc. 416 at 10).

On June 14, 2016, Petitioner filed the instant Motion, arguing his sentence violates his constitutional right to due process. (CV Doc. 1 at 1). Petitioner argued that following the Supreme Court of the United States' decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Petitioner did not qualify as a career offender. *Id.* In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague and may not be used to increase a defendant's sentence. *Johnson*, 135 S. Ct. at 2555. Petitioner claimed *Johnson* applied to the identical residual clause in Guidelines § 4B1.2 and that the residual clause in § 4B1.2

was used to increase his sentence. (CV Doc. 1 at 8-16). Because the Supreme Court was likely to address whether *Johnson* applies to the Guidelines in *Beckles v. United States*, 137 S. Ct. 886 (2017), the Court stayed this case pending *Beckles*' resolution. (CV Doc. 10).

On March 6, 2017, the Supreme Court held that *Johnson* does not apply to the advisory Guidelines § 4B1.2. *Beckles v. U.S.*, 137 S. Ct. 886, 890 (2017). Specifically, the Supreme Court determined that because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence," the advisory Guidelines are not subject to vagueness challenges. *Id.* at 892. Given this holding, and because Petitioner's arguments were based solely on *Johnson*'s application to the advisory Guidelines, the Court ordered the parties to confer and inform the Court whether any issues in Petitioner's Motion survived *Beckles*. (CV Doc. 11). Petitioner requested the Court enter a briefing schedule, (CV Doc. 12), which the Court did, (CV Doc. 11), and supplemental briefing followed.

In his Supplemental Brief, Petitioner argues that "*Beckles* did not exempt from vagueness challenges cases in which the sentencing court was obligated to apply the career offender guidelines." (CV Doc. 18 at 1). Basically, Petitioner argues that at the time he was sentenced, district courts were "obligated" to apply the career offender enhancement, therefore the Guidelines were effectively mandatory and *Beckles* does not apply. (CV Doc. 8 at 2-4). Petitioner claims "district courts were to scrupulously apply the career offender guidelines even if other parts of the guidelines were merely advisory. In effect, then, in this circuit and others, the career offender guidelines fixed the permissible range of sentences." (CV Doc. 22 at 3; *see* CV Doc. 22 at 6-8).

3

In response, Respondent points to *Beckles*' clear holding: "the advisory Guidelines are not subject to vagueness challenges." *Beckles*, 137 S. Ct. at 892. Respondent describes Petitioner's Motion and Supplemental Brief as reaching characterizations of *Beckles* and argues a number of other reasons why Petitioner should not be resentenced. (CV Doc. 21 at 1-5; 9-14). In reply, Petitioner insists that "when he was sentenced the career offender guidelines were mandatory" and "were not treated as advisory in this circuit." (CV Doc. 22 at 6).

**II.    Analysis**

   a. *Legal Standard*

28 U.S.C. § 2255 provides that federal prisoners may challenge their sentences if they claim: (1) the sentence was imposed in violation of the United States Constitution or federal law; (2) the sentencing court had no jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized sentence; or (4) the sentence is otherwise subject to collateral review. § 2255(a). If the court finds that a sentence infringed the prisoner's constitutional rights and is subject to collateral review, the court must vacate the sentence and discharge, resentence, or correct the sentence as the court believes appropriate. § 2255(b).

   b. *Whether* Beckles *forecloses Petitioner's claims*

The threshold question is whether Petitioner's Motion survives *Beckles*. As discussed, the parties strongly disagree. Petitioner argues that the "key difference" between mandatory and advisory guidelines is the sentencing court's ability to depart from the Guidelines based solely on policy disagreement. (CV Doc. 18 at 7; CV Doc. 22 at 6-7). Petitioner claims that courts in the Tenth Circuit were obligated to adhere to the

4

career offender enhancement and could not depart based on policy disagreement alone, so the Guidelines were not truly advisory. (CV Doc. 18 at 6-10). Thus, his argument goes, *Beckles* does not apply in this circumstance. *Id.* at 10. Respondent replies that *Beckles* plainly applies and is fatal to Petitioner's Motion. (CV Doc. 21 at 9).

Petitioner does not cite any case for the proposition that the difference between advisory and mandatory Guidelines is the ability to disagree on policy grounds alone. On the contrary, the Supreme Court appears to have consistently clarified that a district court's discretion must be grounded in the particular facts of a case. *See Kimbrough v. U.S.*, 552 U.S. 85, 110-111 (2007) (detailing district court's consideration of sentencing factors); *Pepper v. U.S.*, 562 U.S. 476, 502 (2011) (explaining "that a district court may *in appropriate cases* impose a non-Guidelines sentence based on a disagreement with the Commission's views," including views based on Congressional policy) (emphasis added); *see also Gall v. U.S.*, 552 U.S. 38, 51 (2007) (providing reviewing court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance"). In *Gall*, the Supreme Court stated the sentencing court must consider the facts of the case and adequately explain the chosen sentence. *Gall*, 552 U.S. at 51. Notably, the Court stated "treating the Guidelines as mandatory" constitutes procedural error. *Id.*

Petitioner cites three cases for the proposition that the career offender enhancement was mandatory: *United States v. Friedman*, 554 F.3d 1301 (10th Cir. 2009); *United States v. Garcia-Lara*, 499 F.3d 1133 (10th Cir. 2007), *judgment vacated by Garcia-Lara v. United States*, 533 U.S. 1016 (2008); and *United States v. Vazquez*, 558 F.3d 1224 (11th Cir. 2009), *judgment vacated by Vazquez v. United States*, 558

U.S. 1144 (2010). None are persuasive. First, *Vazquez* did hold that a district court may not rely on its disagreement with Congressional policy in sentencing. 558 F.3d 1224, 1229. However, *Vazquez* was vacated, 558 U.S. 1144, and on remand the district court explained that the circumstances and other courts' decisions indicated the Eleventh Circuit's holding was mistaken. *U.S. v. Vazquez*, 796 F. Supp. 2d 1370, 1375-76 (M.D.Fla. 2011). Further, *Vazquez* only bound courts in the Eleventh Circuit, not the Tenth, which leaves open the question whether Petitioner's sentencing court was obligated to apply the career offender enhancement.

Second, *Friedman* did not hold that the career offender enhancement was mandatory. Rather, *Friedman* held that the district court's rejection of the Guidelines recommended sentence, which included a career offender enhancement, was substantively unreasonable. 554 F.3d at 1312. The Tenth Circuit so held because of the defendant's "extensive criminal history, failure to accept full responsibility for his actions, and inability to grasp the impact of his virtually uninterrupted pattern of violent criminal conduct." *Id.* at 1309. In a footnote, the court discussed but did not decide whether district courts could ignore career offender enhancements on policy reasons alone. *Id.* at 1311 n.13.

Similarly, the Tenth Circuit in *Garcia-Lara* found a sentence substantively unreasonable, but it did not hold that the career offender enhancement was mandatory. 599 F.3d at 1141. In fact, the Tenth Circuit took pains to clarify it did not consider the Guidelines mandatory, stating:

> [i]n recognizing the continued importance of the Guidelines, we do not treat them as mandatory, as the dissent suggests. Indeed, we emphasize that a court may, in its discretion, conclude that a non-Guidelines sentence best serves the purposes of sentencing under [18 U.S.C.] §

6

> 3553(a). But if a court exercises its discretion to disregard, or give little weight to, the Guideline factors . . . in crafting a sentence, it must find reasonable justification for doing so in the remaining § 3553(a) factors. A court's conclusion that the Guidelines are simply "wrong" or an inadequate reflection of the statutory sentencing purposes is an unreasonable application of the § 3553(a) factors unless the court can justify the sentence imposed in light of that facts of the particular case considered under § 3553(a).

*Id.* at 1137-38. To the extent the Tenth Circuit suggested a district court may not depart from the Guidelines based on policy disagreement alone, that is consistent with the Supreme Court precedent cited above.[2]

Petitioner essentially attempts to argue around *Beckles*' clear holding. Petitioner was sentenced in December 2007, nearly three years after the Supreme Court made the Guidelines "effectively advisory." *See Booker v. United States*, 543 U.S. 220, 245 (2005). In *Beckles*, the Supreme Court squarely held that the advisory Guidelines are not unconstitutionally vague. *Beckles*, 137 S. Ct. at 894 ("If a system of unfettered discretion is not unconstitutionally vague, then it is difficult to see how the present system of guided discretion could be."). Despite this, Petitioner continues to insist that his sentence violates his right to due process because the Guidelines' residual clause is unconstitutionally vague. (CV Doc. 18 at 10) ("An imprisonment term that is increased based on an unconstitutionally vague law exceeds the bounds of due process and is plainly unlawful. The probation office cannot use the residual clause to define any of [Petitioner's] prior convictions as a crime of violence."). Simply put, *Beckles*' plain

---

[2] The Court notes *Garcia-Lara* was vacated and remanded in light of *Gall*. 553 S. Ct. 1016. *Gall* held in part that appellate courts may not require "extraordinary circumstances" to depart from Guidelines sentences. 552 U.S. at 47. That part of the holding appears to implicate language in *Garcia-Lara* allowing a departure from the Guidelines for "sufficiently compelling reasons." 499 F.3d at 1140. Again, the *Gall* Court explained that considering any part of the Guidelines mandatory was error. *Id.* at 51. To the extent any part of *Garcia-Lara* remains good law, precedent is clear that no part of the Guidelines was mandatory following *Booker v. United States*, 543 U.S. 220, 245 (2005).

language forecloses Petitioner's claim. The Court therefore finds that Petitioner's Motion does not survive *Beckles* and should be denied.

### III.     Conclusion

For the foregoing reasons, the Court finds that because Petitioner was sentenced when the Guidelines were advisory, *Beckles* conclusively forecloses Petitioner's claims.

**IT IS THEREFORE RECOMMENDED** that Petitioner's *Motion to Correct Sentence Under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2)*, (CV Doc. 1), be **DENIED** and that this case be **DISMISSED WITH PREJUDICE**. Additionally, the Court recommends a Certificate of Appealability be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE