**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID APODACA,

       Petitioner,

                                                   No. CV 16-572 WJ/CG
                                                   No. CR 06-1528 WJ

v.

UNITED STATES OF AMERICA,

       Respondent.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on United States Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (CV Doc. 23), filed July 6, 2017; and Petitioner David Apodaca's *Objections to the Magistrate's Proposed Findings and Recommended Disposition* (the "Objections"), (CV Doc. 26), filed August 21, 2017.[1] In the PFRD, the Magistrate Judge recommended denying Petitioner's *Motion to Correct Sentence Under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2)* (the "Motion"), (CV Doc. 1), filed June 14, 2016, following the United States Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). (CV Doc. 23 at 8).

The parties were notified that written objections to the PFRD were due within 14 days. *Id.* Petitioner timely objected. (CV Doc. 26). Respondent did not object to the PFRD or respond to Petitioner's Objections, and the time for doing so has passed. Following a *de novo* review of the PFRD, the Objections, and the record, the Court will overrule Petitioner's Objections, adopt the PFRD, and deny Petitioner's Motion.

---

[1] Citations to "CV Doc. __" refer to documents in case number CV 16-572 WJ/CG. Citations to "CR Doc. __" refer to documents in case number CR 06-1528 WJ.

**I.	Background**

This case arises from Petitioner's guilty plea and sentence, but it has come to involve questions regarding advisory sentence range calculations, the interplay between precedent from the Tenth Circuit Court of Appeals and the Supreme Court, and the Court's understanding of its own discretion. On September 7, 2007, Petitioner pled guilty pursuant to a Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement to two counts: conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, and possession with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (CR Doc. 253 at 2). Petitioner's pre-sentence report ("PSR") calculated Petitioner's advisory United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range as 292 to 365 months based on Petitioner's adjusted offense level of 35 and criminal history category VI. (CR Doc. 566 at 2; CV Doc. 21 at 2). The PSR calculated this range based on the amount of methamphetamine involved, the firearms found at Petitioner's residence, and Petitioner's role in directing or managing another, which resulted in an adjusted offense level of 38, and a three-level reduction for Petitioner's acceptance of responsibility. (CV Doc. 1 at 3).

The PSR also considered whether Petitioner was a "career offender" under Guidelines § 4B1. *Id.* Although the PSR determined that Petitioner was a career offender, the PSR found that irrelevant because Petitioner's career offender offense level, 37, was lower than the adjusted offense level it previously calculated. *Id.*; *see* Guidelines § 4B1.1(b) (providing ". . . if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the

offense level from the table in this subsection shall apply."). Accordingly, the PSR used an adjusted offense level of 35 and a range of 292-365 months, rather than the lower offense level and range under the career offender enhancement.

Contrary to the advisory range calculated in the PSR, the parties stipulated to a 240-month sentence. (CR Doc. 566 at 3). Importantly, the parties calculated Petitioner's sentence differently than the PSR. First, based on Guidelines §§ 1B1.3 and 2D1.1, the plea agreement stated Petitioner's base offense level was 34. *Id.* at 4. Like the PSR, the parties then added two levels under § 2D1.1(b)(1) for possession of a dangerous weapon and subtracted three levels under § 3E1.1 because Petitioner accepted personal responsibility for his criminal conduct, for an adjusted offense level of 33. *Id.* at 5; *see* (CR Doc. 417 at 4). The plea agreement does not cite Guidelines § 4B1.1 or mention a career offender enhancement.

At the sentencing hearing, the Court asked how the parties arrived at a 240-month sentence. (CR Doc. 417 at 4). Respondent explained the discrepancy was based on Respondent not including the two-level increase for a managing/directing role adjustment. *Id.* Petitioner's Guidelines range based on offense level 33 was 235 to 293 months, and 240 months was within that range. *Id.* Neither party mentioned the career offender enhancement or whether it figured into their calculation. In the end, the Court found the PSR correctly determined Petitioner's offense level, Guideline range, and Petitioner's career offender status. *Id.* at 10. However, based on its review of the PSR and the parties' representations, the Court was satisfied that the stipulated sentence departed from the Guidelines range for justifiable reasons and accepted the plea agreement. *Id.* at 11.

On June 10, 2016, Petitioner filed his Motion, arguing he was unconstitutionally sentenced as a career offender. (CR Doc. 580; CV Doc. 1 at 1). Petitioner argues that under *Johnson v. United States*, 135 S. Ct. 2551 (2015), the "residual clause" in the definition of "career offender" is unconstitutionally vague and that he was deemed a career offender in reliance on the clause; therefore, he is entitled to be resentenced. (CV Doc. 1 at 6-16). Specifically, Petitioner claims his conviction for conspiracy to commit escape is not a "crime of violence" under the Guidelines except under the residual clause, which *Johnson* declared unconstitutionally vague. *Id.* at 13-16. Petitioner asks that, upon resentencing, he be granted relief under 18 U.S.C. § 3582(c). *Id.* at 17; *see* (CR Docs. 561-76).

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, holding that *Johnson* does not apply to the advisory Guidelines. 137 S. Ct. 886, 890 (2017). The Supreme Court distinguished the mandatory Guidelines before its decision in *United States v. Booker*, 543 U.S. 220 (2005), and the "effectively advisory" Guidelines post-*Booker*. *Id.* at 893-94. Because the advisory Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence," the advisory Guidelines are not subject to vagueness challenges. *Id.* at 892. The *Beckles* court left open the question whether its decision applied to sentences entered before *Booker*, when the Guidelines "fix[ed] the permissible range of sentences." *Id.* at 903 n.4 (Sotomayor, J., dissenting). Given *Beckles*' holding and Petitioner's reliance on *Johnson*'s application to the Guidelines, the Court ordered supplemental briefing to address whether Petitioner's Motion survived *Beckles*. (CV Doc. 13).

4

Petitioner denies that *Beckles* is fatal to his Motion. Rather, Petitioner maintains that "*Beckles* did not exempt from vagueness challenges in which the sentencing court was obligated to apply the career offender [G]uidelines." (CV Doc. 18 at 1). According to Petitioner, Tenth Circuit precedent "required" district courts to apply career offender enhancements; district courts were "bound to apply the career offender guideline and impose a sentence within the imprisonment range dictated by that guideline." *Id.* at 2, 8. Petitioner argues district courts could not depart from the career offender enhancement "based on general policy disagreements with the guidelines," so the Guidelines were not truly advisory. *Id.* at 9-10. Thus, Petitioner contends, even though he was sentenced after *Booker* made the Guidelines advisory, *Beckles* does not apply to him. *Id.*

The Magistrate Judge disagreed and recommended denying the Motion. (CV Doc. 23 at 8). *Beckles*, the Magistrate Judge reasoned, stated a bright-line rule: the post-*Booker*, advisory Guidelines, including the career offender enhancement, are not subject to vagueness challenges. *Id.* at 7-8; *Beckles*, 137 S. Ct. at 892 ("Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) is not void for vagueness."). The Magistrate Judge found that the career offender enhancement was not mandatory such that *Beckles* did not apply to Petitioner. (CV Doc. 23 at 5-8).

Petitioner has timely objected to the PFRD. In his Objections, Petitioner argues again that "when he was sentenced the career offender guidelines were mandatory" in the Tenth Circuit "and necessarily fixed the guideline imprisonment range;" district courts were "expected to impose the imprisonment term fixed by the career offender guidelines." (CV Doc. 26 at 1). That *Booker* made the Guidelines advisory "does not

5

matter," Petitioner states, because the Tenth Circuit treated the career offender enhancement as mandatory. *Id.* at 2. Petitioner relies on the holdings and histories of five cases: *Gall v. U.S.*, 552 U.S. 38 (2007); *Kimbrough v. U.S.*, 552 U.S. 85 (2007); *U.S. v. Garcia-Lara*, 499 F.3d 1133 (10th Cir. 2007), *judgement vacated and remanded by Garcia-Lara v. U.S.*, 553 U.S. 1016 (2008); *U.S v. Friedman*, 554 F.3d 1301 (10th Cir. 2009); and *U.S. v. Vasquez*, 558 F.3d 1224 (11th Cir. 2009), *judgement vacated and remanded by Vazquez v. U.S.*, 558 U.S. 1144 (2010). *Id.* at 2-6. Petitioner contends these cases prove that when he was sentenced "the career offender guideline imprisonment range fixed the imprisonment range the court was expected to impose." *Id.* at 6.

As further explained below, the Court agrees with the Magistrate Judge that *Beckles* bars Petitioner's claim that the Guidelines residual clause is unconstitutionally vague. Furthermore, the cases Petitioner relies on do not show that the Guidelines were effectively mandatory in the Tenth Circuit post-*Booker*. Finally, even though the Tenth Circuit remanded some cases for resentencing following intervening authority from the Supreme Court, Petitioner is not entitled to resentencing under the facts and circumstances in this case.

## II. Analysis

### a. Law Regarding Objections

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district judge may, under 28 U.S.C. § 636(b), refer a pretrial dispositive motion to a magistrate judge for proposed findings of fact and recommendations for disposition. Within fourteen days of being served, a party may file

6

objections to this recommendation. Rule 8(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A party may respond to another party's objections within fourteen days of being served with a copy; the rule does not provide for a reply. FED. R. CIV. P. Rule 72(b).

When resolving objections to a magistrate judge's recommendation, the district judge must make a de novo determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C). Filing objections that address the primary issues in the case "advances the interests that underlie the Magistrate's Act, including judicial efficiency." *U.S. v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1059 (10th Cir. 1996). Objections must be timely and specific to preserve an issue for de novo review by the district court or for appellate review. *Id.* at 1060. Additionally, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived*.*" *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also U.S. v. Garfinkle*, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

    b. Beckles' *Effect on Petitioner's Claims*

First, the Court must address *Beckles*' plain language and its effect on Petitioner's claims. As discussed, Petitioner's argument is that he was deemed a career offender based on a prior conviction for conspiracy to commit escape; that conspiracy to commit escape is only a crime of violence based on the Guidelines residual clause; and the Guidelines residual clause is unconstitutionally vague following *Johnson*. (CV Doc. 1

7

at 3, 13-16). Therefore, Petitioner argues, his sentence is unconstitutional and he is entitled to be resentenced under § 2255(a). *Id.* at 6.

However, *Beckles* holds that the advisory Guidelines, *i.e.*, the Guidelines post-*Booker*, are not unconstitutionally vague. *Beckles*, 137 S. Ct. at 892 ("Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) is not void for vagueness."). Petitioner was sentenced on January 3, 2008–nearly three years after the Supreme Court made the Guidelines "effectively advisory." *Booker*, 543 U.S. at 245. Accordingly, Petitioner's claim that the Guidelines residual clause is unconstitutionally vague contradicts *Beckles*' holding.

Petitioner claims the question *Beckles* left open is whether its holding applies to cases when "the career offender guideline fixed the imprisonment range." (CV Doc. 26 at 6). Put differently, "*Beckles* did not exempt from vagueness challenges cases in which the sentencing court was obligated to apply the career offender guidelines." (CV Doc. 18 at 1). The problem with this argument is that it is not reflected in *Beckles*' actual language. The Supreme Court stated "the advisory Sentencing Guidelines, including [the] residual clause, are not subject to a challenge under the void-for-vagueness doctrine." *Beckles*, 137 S. Ct. at 896. The Court did not qualify that statement by exempting sentences following *Booker* where the Guidelines range was "fixed" or where the sentencing courts felt "obligated" to apply a career offender enhancement. The only question left open was whether the pre-*Booker*, mandatory Guidelines are subject to vagueness challenges. *Id.* at 903 n. 4 (Sotomayor, J., dissenting) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least

8

leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*]–that is, during the period in which the Guidelines did 'fix the permissible range of sentences,'—may mount vagueness attacks on their sentences.") (citation omitted). Petitioner's case does not fit into the question *Beckles* left open. *Beckles*' plain language forecloses Petitioner's claim, and any exception has not been invited by the Supreme Court.

    c. <u>Whether the Career Offender Enhancement was Mandatory in the Tenth Circuit</u>

Although he was sentenced after *Booker*, Petitioner maintains that the Guidelines, particularly the career offender enhancement, were not "truly advisory" and were "effectively" mandatory in the Tenth Circuit. (CV Doc. 18 at 8). Petitioner relies on two Supreme Court cases, *Gall* and *Kimbrough*; two Tenth Circuit cases, *Garcia-Lara* and *Friedman*; and one Eleventh Circuit case, *Vasquez*, for this argument. (CV Doc. 26 at 2-6). These cases are best discussed chronologically to understand Petitioner's argument.

First, Petitioner cites *Garcia-Lara*, which Petitioner argues shows that district courts "risked reversal" for disagreeing with career offender enhancements. (CV Doc. 26 at 3-4). *Garcia-Lara*, which was decided on August 22, 2007, involved a defendant who qualified as a career offender under the Guidelines. 499 F.3d at 1134. The sentencing judge believed that the defendant's Guidelines range of 262 to 327 months overrepresented the defendant's criminal history, resulting in a sentence greater than necessary. *Id*. at 1135. Instead, the judge sentenced the defendant to 140 months, which was at the bottom of the defendant's Guidelines range without the career offender

9

enhancement. *Id.* at 1134. The government appealed that sentence as substantively unreasonable. *Id.*

On appeal, the Tenth Circuit stated it reviews sentences under an abuse of discretion standard. *Id.* at 1335-36. The court explained that a sentencing judge must consider the factors in § 3553(a), including the advisory Guidelines range, and that a sentencing judge abuses its discretion by ignoring the advisory Guidelines range. *Id.* at 1336-37. Finally, the court denied it was treating the Guidelines as mandatory, but the court clarified that a sentencing judge must find "reasonable justification" for departing from the advisory Guidelines range. *Id.* "A court's conclusion that the Guidelines are simply 'wrong' or an inadequate reflection of the statutory sentencing purposes is an unreasonable application of the § 3553(a) factors unless the court can justify the sentence imposed in light of the facts of the particular case considered under § 3553(a)." *Id.* at 1337-38. In this particular case, the Tenth Circuit held that departing from the Guidelines "may be reasonable if there are sufficiently compelling reasons . . . that justify the imposition of a non-Guidelines sentence," but that the district court did not provide any. *Id.* at 1140.

On December 10, 2008, the Supreme Court decided both *Gall* and *Kimbrough*. In *Gall*, the Supreme Court rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." 552 U.S. at 47. This approach, the court explained, "come[s] too close to creating an impermissible presumption of unreasonableness for sentences outside the Guidelines range." *Id.* In *Kimbrough*, the question presented was whether a sentence outside the Guidelines range is *per se* unreasonable when the sentence is based on a judge's disagreement

10

with the crack cocaine/powder cocaine sentencing disparity. 552 U.S. at 91. The Supreme Court answered "no;" the Guidelines, including the cocaine Guidelines, are advisory only, and treating the crack/powder disparity as effectively mandatory was error. *Id.* As a general matter, courts may vary from the Guidelines based solely on policy considerations, though the sentence must still be reasonable under the sentencing factors in § 3553(a). *Id.* at 110-11.

The Tenth Circuit explained the effect of *Gall* and *Kimbrough* on its standard of review in *United States v. Smart*, 518 F.3d 800 (10th Cir. 2008), decided March 4, 2008. In pertinent part, the Tenth Circuit wrote that it may no longer require district courts to support variances from the Guidelines with "extraordinary" facts. 518 F.3d at 807. Further, *Gall* and *Kimbrough* ended the court's "practice of permitting a variance only if the district court 'first distinguish[es] [the defendant's] characteristics and history from those of the ordinary . . . offender' contemplated by the Guidelines." *Id.* at 808 (quoting *Garcia-Lara*, 499 F.3d at 1140 n. 5). Finally, the court stated it "may not conclude that simply by diverging from the Guidelines, a district court has disregarded the policy considerations which led the Commission to create a particular Guideline." *Id.* at 809. To do so "could lead to excessive deference to the macro-level § 3553(a) determinations reached by the Sentencing Commission, and too little deference to the micro-level determinations reserved for the district courts." *Id.* At no point did the *Smart* majority characterize its prior standard of review as treating the Guidelines as "effectively mandatory."

As discussed, Petitioner was sentenced in January, 2008–one month after *Gall* and *Kimbrough* and two months before *Smart*. Still, Petitioner cites two cases decided

11

after he was sentenced. First, Petitioner argues *Friedman*, 554 F.3d 1301, shows that the Tenth Circuit treated the career offender enhancement as mandatory even after *Gall* and *Kimbrough*. (CV Doc. 26 at 5). Like *Garcia-Lara*, *Friedman* involved a district court who sentenced a defendant as if he were not a career offender. 554 F.3d at 1302-04. Again, the Tenth Circuit reversed, holding the sentence was substantively unreasonable in light of the defendant's criminal history, the sentence's failure to afford adequate deterrence and protection for the public, and the need to avoid unwarranted sentencing disparities. *Id.* at 1308. The Tenth Circuit stated "even given the highly deferential abuse-of-discretion standard of review, the sentence imposed by the district court is substantively unreasonable." *Id.* The court detailed the defendant's extensive recidivist history, including eight bank robberies, the defendant's lack of remorse or understanding the impact of his crime, and his blaming the "system" rather than taking responsibility. *Id.* at 1309. In conclusion, the Tenth Circuit held "there is simply nothing in the limited record in this case to indicate, considering the totality of the circumstances, that the sentence imposed by the district court is reasonable in light of the factors set out in § 3553(a). *Id.* at 1310.

The defendant argued that "the district court simply disagreed with the career offender provisions of the Guidelines, something it [was] entitled to do" following *Kimbrough*. *Id.* at 1311. However, the district court did not say it disagreed with career offender enhancements or that it did not believe career offender enhancements did not accord with § 3553(a). *Id.* Rather, the district court stated "'[u]nder the nature of the offense and the characteristics of the individual, [the defendant] might not be regarded as a career offender and would be given a sentence of 57 months.'" *Id.* The Tenth

Circuit found "[t]his exceedingly limited and ambiguous statement . . . simply does not support [the defendant's] assertion that the district court believed the career offender guideline poorly reflected the statutory considerations set out in § 3553(a)." *Id.*

In a footnote, the court elaborated on this point, stating it declined to decide how it "should review district court sentences based simply on a policy disagreement with the Guidelines." *Id.* at 1311 n.13. The court noted the difference between the crack cocaine Guidelines at issue in *Kimbrough* with the career offender enhancement. *Id.* Again though, the *Friedman* court did not hold that district courts may not depart from career offender enhanced Guidelines ranges based on policy disagreement. Still, Petitioner argues district courts were "warned" not to depart from the career offender enhancement in *Friedman*. (CV Doc. 26 at 5).

Finally, Petitioner cites *Vasquez* for the proposition that career offender enhancements were mandatory and not merely advisory. *Id.* at 6-7. In *Vasquez*, the Eleventh Circuit explicitly held that district courts were not permitted to consider their disagreement with career offender enhancements when sentencing. 558 F.3d at 1228. The court reasoned that *Kimbrough* applied only to the cocaine Guidelines and not to career offender enhancements. *Id.* Further, the court noted the First, Seventh, and Eighth Circuits agreed with it on this point. *Id.* at 1228-29.

On appeal to the Supreme Court, then-Solicitor General Elena Kagan refused to defend the Eleventh Circuit's decision, arguing instead that under *Booker* and *Kimbrough* district courts may disagree with any of the Guidelines on policy grounds. 2009 WL 5423020, at *10. Solicitor General Kagan asked that the Supreme Court remand to the Eleventh Circuit for it to reconsider its decision. *Id.* at *16. The Supreme

13

Court granted that request. *Vasquez*, 558 U.S. 1144. Petitioner submits that this is when the career offender Guidelines became truly advisory. (CV Doc. 26 at 6).

Having reviewed the cases on which Petitioner relies, the Court concludes that career offender enhancements were not "effectively mandatory" in this Circuit post-*Booker*. Petitioner has not shown, as the Eleventh Circuit explicitly held in *Vasquez*, that district courts in the Tenth Circuit could not consider their disagreement with the career offender enhancement in imposing a sentence. Rather, in *Garcia-Lara*, the Tenth Circuit held that district courts may do so, but they may do so only for "compelling reasons" or with a "reasonable justification" for the sentence. *Garcia-Lara*, 499 F.3d at 1137, 1141. *Gall* and *Kimbrough* changed that by not requiring "extraordinary circumstances" to depart from the Guidelines. *See Smart*, 518 F.3d at 807 ("Moreover, although a district court must provide reasoning sufficient to support the chosen variance, it need not necessarily provide 'extraordinary' facts to justify *any* statutorily permissible sentencing variance . . .").

Contrary to Petitioner's argument, the Tenth Circuit in *Friedman* followed the Supreme Court's mandates in *Gall* and *Kimbrough*, since the court based its holding on the substantive unreasonableness of the defendant's sentence, not because the district court impermissibly ignored the career offender enhancement. *See Friedman*, 554 F.3d at 1311. Again, unlike in *Vasquez*, the district court in *Friedman* did not state its disagreement with the career offender enhancement and decline to factor that in. *Id.*; *see id.* at 1311 n.13. Therefore, although *Smart* recognized that the Supreme Court abrogated certain elements of the Tenth Circuit's sentence review, those elements did

not make the career offender enhancement "effectively mandatory" such that Petitioner's claim survives *Beckles*.

## d. Under the Facts and Circumstances of This Case, Petitioner is not entitled to be Resentenced

Following *Gall* and *Kimbrough*, the Tenth Circuit remanded some cases for resentencing. *See, e.g.*, *Smart*, 518 F.3d 800. For instance, in *United States v. Trotter*, the Tenth Circuit remanded a case to the district court for the court to clarify the basis of its refusal to depart from a sentence based on the crack/powder disparity. 518 F.3d 773, 774 (10th Cir. 2008). The government argued that the sentencing judge was bound by the Guidelines whether he agreed with them or not, and the Tenth Circuit could not tell from the record whether the sentencing judge properly understood the scope of his discretion following *Gall* and *Kimbrough*. *Id*. Accordingly, the Tenth Circuit remanded for clarification. *Id*. In a similar case, the Tenth Circuit reversed and remanded where a sentencing judge presumed a sentence within the Guidelines was reasonable and did not have the benefit of *Gall* and *Kimbrough*. *U.S. v. Leyva-Ortiz*, 325 Fed. Appx. 710, 713, 717-18 (10th Cir. 2009) (unpublished).

Even though the Tenth Circuit remanded some cases for resentencing, the Tenth Circuit only remanded for resentencing when three criteria were met: (1) the defendant was sentenced before *Gall* and *Kimbrough* were decided; (2) a direct appeal of the sentence had not been resolved when those cases were decided; and (3) the record indicated that the district court may not have fully comprehended its discretion to impose a non-Guidelines sentence. *Id.* at 717. Petitioner cannot meet the first or third criteria. First, Petitioner was sentenced in January, 2008, one month after *Gall* and *Kimbrough* were decided. Any deficiencies in how the Court understood its discretion

15

after *Garcia-Lara* were cured by *Gall* and *Kimbrough*. This alone is enough to deny Petitioner resentencing under these criteria.

Furthermore, nothing in the record indicates the Court misunderstood its discretion to vary from the Guidelines. Petitioner is serving a 240-month sentence despite the fact his Guidelines range was 292 to 365 months. At the sentencing hearing, the Court noted its discretion but stated that "nothing jump[ed] out" to the Court as warranting a departure from the Guidelines. (CR Doc. 417 at 8-9). Nonetheless, the Court agreed that the parties' stipulated sentence, a 52 month departure from Petitioner's Guidelines range, "depart[ed] for justifiable reasons." *Id.* at 11. Therefore, even if the Tenth Circuit "expected" the Court to sentence Petitioner within the Guidelines range, or in general the career offender Guidelines ranges were "effectively mandatory," the Court did not treat the career offender enhancement as mandatory in Petitioner's case.[2]

Finally, the Court notes it is not clear whether Petitioner's career offender status actually impacted his sentence. As first discussed, Petitioner's PSR ignored Petitioner's career offender status because his adjusted offense level was higher without the career offender enhancement. (CV Doc. 1 at 3). Petitioner's plea agreement does not include any language indicating a career offender enhancement was used in calculating his sentence for purposes of the plea agreement, and neither party mentioned a career offender enhancement at sentencing. Accordingly, it is difficult if not impossible to say

---

[2] Petitioner is correct that the Court was bound to impose the stipulated sentence if it accepted the plea agreement, (CV Doc. 1 at 2); however the Court was also free to reject the plea agreement if it was not satisfied with the sentence. *See U.S. v. Sandoval-Enrique*, No. 16-2043, __ F.3d __, 2017 WL 4002006, at *3-6 (10th Cir. Sept. 12, 2017) (affirming district judge who rejected two plea agreements over concerns about ineffective sentences).

the sentence in the plea agreement was "based on" a career offender enhancement. *See Freeman v. U.S.*, 564 U.S. 522, 535-40 (2011) (Sotomayor, J., concurring in the judgment) (discussing determining how a sentence in a plea agreement is "based on" a particular Guidelines range).

### III.     Conclusion

For the foregoing reasons, the Court concludes that *Beckles* forecloses Petitioner's claim that *Johnson* applies to the Guidelines and that the Guidelines residual clause is void for vagueness. Further, although *Gall* and *Kimbrough* abrogated Tenth Circuit law, the career offender enhancement was not "effectively mandatory" in the Tenth Circuit post-*Booker*. Finally, even if Petitioner is correct that the Tenth Circuit treated the career offender enhancement such that it was not "truly advisory," Petitioner is ineligible for resentencing because Petitioner's career offender status did not affect his ultimate sentence.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's *Proposed Findings and Recommended Disposition*, (CV Doc. 23), is **ADOPTED**, Petitioner's *Motion to Correct Sentence Under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2)*, (CV Doc. 1), is **DENIED**, and that this case is **DISMISSED WITH PREJUDICE**. Additionally, a Certificate of Appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE